**IT IS ORDERED as set forth below:**



Date:  July 25, 2019

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No. 19-10491-whd |
| Tara Wallace | ) | |
| | ) | |
| Debtor(s). | ) | |

**ORDER GRANTING THE CHAPTER 7 TRUSTEE'S APPLICATION AND
AUTHORIZING AND APPROVING THE TRUSTEE'S RETAINMENT OF
BK GLOBAL REAL ESTATE SERVICES
TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327**

NOW the above-captioned matter comes before this Court upon the Application of the Chapter 7 Trustee, THEO MANN, by and through his counsel of record, pursuant to 11 U.S.C. § 327, requesting approval and authority to retain BK Global Real Estate Services in this proceeding. The Trustee filed the Application on July 24, 2019 (Doc# 18). The Trustee served the Application on the Office of the United States Trustee, Debtor's counsel, and the Debtor.

The Court, having jurisdiction herein, finds as follows:

1. Tara Tamara Wallace filed for relief on March 11, 2019, under Chapter 7 of the United States Bankruptcy Code and THEO D. MANN, is the duly qualified and acting Chapter 7 Trustee of the bankruptcy estate of Tara Wallace .

2. The Debtor scheduled an ownership interest in real property located at 125 LAWN MARKET SHARPSBURG, GA 30277, further described as follows:

    LANDLOT:111 DIST:6 SUBD:CANNONGATE VILLAGE H/LT G-7 SEC III PH 4 CANNONGATE

    hereinafter referred to as the "Real Property".

3. The bankruptcy estate now holds the Debtor's interest in and to the subject Real Property.

4. The Debtor listed the Real Property within her schedules as having a value of $307,000.00, but testified that the value was $255,000.00.

5. The Real Property is subject to the following mortgage(s) or lien(s):

    a. First Mortgage Holder: Mr. Cooper in an amount exceeding $259,000.00

    b. PNC Bank in an amount exceeding $60,000.00.

6. Based upon the market value of the Real Property provided by the Debtor and the information regarding the mortgages on this Real Property, the first mortgage debt is in excess of the market value of the Real Property.

7. The Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee, states on pages 4 – 14 under Section 9 "Sales of Assets" (a) General Standards "A trustee may sell assets only if the sale will result in a meaningful distribution to creditors. The Section further states "the trustee may seek a "carve-out" from a secured creditor and sell the property at issue if the "carve-out" will result in a meaningful distribution to creditors. Further, the Section states "The

trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset."

8. BK Global Real Estate Services ("BK Global") provides services to trustees as BK Global has expertise and experience in assisting the trustee in negotiating with secured creditors to accomplish the following:

   a. Sell the Real Property under 11 U.S.C. § 363(b) to whichever party the Chapter 7 Trustee determines to have made the best qualified offer with the sale approved by the Court, pursuant to 11 U.S.C. § 363;

   b. Obtain the release the senior mortgage and waive all of its claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale);

   c. Work with the secured mortgage holder to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay all of the closing expenses associated with the § 363 sale, including the payment of a six percent (6%) real estate brokerage commission and reimbursement of their out-of-pocket expenses to BK Global and any associated real estate professional, paid from the proceeds of the sale, and provide a meaningful carve out for the benefit of allowed unsecured creditors of the Debtor's estate; and

   d. Make certain the amount of the carve out is clearly set out in the motion to sell the Real Property pursuant to 11 U.S.C. § 363.

9. BK Global will assist the Chapter 7 Trustee in negotiations with the first and second mortgage holders to obtain the consent of the first and second mortgage holders for the sale of the Real Property. A carve out from the sale proceeds, such amount for

the benefit of unsecured creditors of the bankruptcy estate, which will result in a meaningful distribution to the creditors, and upon a successful resolution with the secured creditor, a separate motion will be filed seeking approval of the settlement terms and conditions.

10. BK Global will not be entitled to any fees if the first and second mortgage holders do not grant their consent or the Court does not grant the motion to approve the sale of the Real Property.

11. In no event will the bankruptcy estate have any obligation to pay BK Global or associated real estate professional for their services, or to pay the customary title and closing services. The terms of the listing agreement and this Application provide that BK Global and listing agent are only entitled to payment if and when (a) secured creditors grant their consent, (b) the motion to approve sale is granted and (c) the Real Property is sold, in which event BK Global and listing agent will receive a six percent (6%) real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses.

12. The Trustee believes that the highest and best value for the Real Property will be generated through a sale in which the Real Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's bankruptcy estate but can only be achieved if the Secured Creditors' consents are first obtained. The Chapter 7 Trustee believes that retaining BK Global and/or an associated real estate professional to obtain the secured creditors' consents is in the best interest of the Debtor's bankruptcy estate.

13. The Trustee submits that the terms of employment and compensation as set out in this application and the listing agreement, are reasonable in light of the extensive experience of BK Global and any associated real estate professional, and the nature of the services they provide. (See Exhibit "A" which was attached to the Application.)

14. BK Global attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 and 2016(a). Attached to the Application as Exhibit "B" was the Affidavit of Disinterestedness of BK Global. BK Global also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than the listing agent or a buyer's agent, if applicable.

The Court, having reviewed the file herein and being fully advised, finds that good cause exists to grant the Trustee's Application and for the entry of this Order.

IT IS, THEREFORE, BY THE COURT ORDERED that the Application filed herein by the Chapter 7 Trustee on July 24, 2019, is hereby APPROVED and the Chapter 7 Trustee is hereby AUTHORIZED to retain BK Global Real Estate Services in this case and the compensation arrangements set forth in the listing agreement and this application, pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code are hereby APPROVED.

IT IS BY THE COURT FURTHER ORDERED that the proposed Real Estate Listing Agreement is hereby APPROVED and the Chapter 7 Trustee is hereby AUTHORIZED to execute the same on behalf of this bankruptcy estate as he deems appropriate. Said authorization herein is subject to the objection of the United States Trustee, which objection must be filed within twenty-one (21) days from the date of this Order.

A copy of the Application and Order having been served upon the United States Trustee, this Order is entered subject to the objection of the United States Trustee.

END OF DOCUMENT

SUBMITTED BY:

MANN & WOOLDRIDGE, P.C.

By: ___/s/ Theo D. Mann_____
      Theo D. Mann
      Attorney for Trustee
      State Bar No. 469150

P. O. Box 310
Newnan, GA  30264-0310
(770) 253-2222
tmann@mwklaw.org


PARTIES TO BE SERVED:

Tara Tamara Wallace
P.O. BOX 1029
TYRONE, GA  30290

Amanda A Barrett
Harmon & Gorove
1 Jefferson St
Newnan, Ga  30263

United States Trustee
362 Richard Russell Building
75 Ted Turner Dr., S.W.
Atlanta, GA  30303

Theo D. Mann
P. O. Box 310
Newnan, GA  30264-0310

Patrick Butler
BK Global Real Estate Services
1095 Broken Sound Parkway, N.W., Suite 100
Boca Raton, FL 33478